PEOPLE OF PUERTO RICO, Plaintiff and Respondent, *v.*
ARCADIO TORO GOYCO, Defendant and Petitioner.

No. 17. Submitted July 28, 1959.—Decided August 10, 1959.

*José Rafael Gelpí* for petitioner. *Hiram R. Cancio, Secretary of Justice, (J. B. Fernández Badillo, former Secretary of Justice,* in the report on the petition for bail) and *Carlos G. Látimer* for The People, respondent.

MR. JUSTICE SERRANO GEYLS delivered the opinion of the Court.

Is a person who has been convicted of a crime entitled to bail on a petition to this Court to review by certiorari a judgment of the Superior Court rendered on appeal from the District Court? The petitioner has presented such petition for bail, without arguing it.[1] The Attorney General objects and maintains that § 374 of the Code of Criminal Procedure recognizes the right to bail only when a "writ of appeal" is filed in the Supreme Court and not consequently, on a petition for certiorari.

 Section 374, as amended by Act No. 61 of April 2, 1949 (Sess. Laws, p. 150; 34 L.P.R.A. § 1215), provides:

"After a defendant is convicted of an offense not entailing penalty of life imprisonment, if said defendant files a writ of appeal in the Supreme Court, bail shall be admitted:

"1. As a matter of right, when appeal is taken from a sentence imposing fine only.

"2. As a matter of right, when appeal is taken from a sentence imposing imprisonment in jail in misdemeanors.

"3. In the discretion of the trial judge, or of the Supreme Court, or of any of the associate justices thereof, in all other cases; *Provided,* That no bail shall be admitted in these latter cases, when the apeal fails to raise a substantial issue, or when the nature of the offense or character and penal antecedents of the defendant make it advisable, in the judgment of the court, and for the protection of society, that the convict be confined pending hearing of the appeal; *Provided, further,* That no bail shall be admitted without first giving the prosecuting attorney of the proper court an opportunity to be heard."

---

[1] Petitioner was convicted for a violation of the Traffic Laws and of § 368 of the Penal Code (breach of the peace) to pay fines of $15 and $60, respectively, or in default to serve a jail sentence.

In the same year 1949 and by Act No. 172 of May 4 (Sess. Laws, p. 546; 34 L.P.R.A. § 1071), the Legislature amended the Act for appeals in criminal cases so as to provide the following:

"Either party in a criminal action, originating in the Superior Court, may appeal to the Supreme Court in the manner prescribed by sections 1072–1179 of this title [Title IX of the Code of Criminal Procedure of Puerto Rico]. The judgment entered by the Superior Court, on an appeal coming from the District Court shall not be appealable, but it may, however, be reviewable before the Supreme Court, on a writ of certiorari."

The 1949 amendment consisted in eliminating the appeal to the Supreme Court in cases originating in the District Court (formerly Municipal Court)—authorized by the Act of May 28, 1904 (Sp. Sess. Laws, p. 11)—and substituting it for the petition for certiorari.[2]

It suffices to compare both texts and place them within our procedural ambit to realize that the restrictive interpretation applied to the term "writ of appeal" of § 374 cannot prevail. To accept it would be tantamount to saying that the first two paragraphs of the afore-cited section, which recognize bail "as a matter of right" in cases entailing fine or imprisonment in jail no longer apply to almost all those sentences that originate, as is known, in the District Court. It is well-known that the number of crimes in which the Superior Court can impose sentences of fine or imprisonment in pail is scarce, because the bulk of activity of that section in the criminal field covers felonies. These, by definition, warrant a penitentiary sentence. To accept then the restrictive interpretation would mean to accept at the same time that in the appeal to this Court, the Legislature with one hand granted the right to bail in all the

---

[2] As to the present situation, examine § 2(d) of Act No. 115 of June 26, 1958 (Sess. Laws, p. 279), 4 L.P.R.A. § 37, and Rule 15.1 of our Regulations, 4 L.P.R.A. App. I.

cases of fine or jail, while with the other it eliminated such right for almost the entire number of cases upon indicating the remedy of certiorari for those originating in the District Court.

Additional proof that that was not the legislative intent is found in a lengthy and judicious discussion which took place in the Senate [3] pending the approval of the amendment of § 374. Senator Lionel Fernández Méndez, President of the Juridical Penal Committee, who was in charge of the initial study of the bill, explained:

"The colleague's question is whether or not that discretion is dangerous and excessive. In those cases in which the penalty imposed is a fine, there is no problem, it is compulsory, hence no discretion is necessary. In misdemeanors in which the penalty is jail, there is no problem either, bail is compulsory in that case. Then, when can the judge exercise his discretion? Only in felony cases, after the defendant is convicted, when the jury has already said: 'You are guilty' and the case goes from the District Court [today Superior Court] to the Supreme Court." (At 463–64.)

Senator Víctor Gutiérrez Franqui, floorleader of the majority, elaborated on those words (at 471) and finished by saying:

"This bill has been in the day's schedule for not less than three weeks. I think that everyone has had the opportunity to study its different aspects. As a question of fact the amendment that has been suggested here today to substitute the original section of the bill is an amendment of compromise between those of us who wanted stronger measures and those who wanted to remove all misdemeanors, even those which entail jail penalty, from the rigors of this provision on bail. Therefore I believe that the bill as amended should be passed this afternoon." (At 473.) [4]

---

[3] Journal of the Senate of Puerto Rico 460–73 (1949).

[4] As originally drafted, the Senate Bill No. 224, which later became Act No. 61, considered bail as a discretionary matter in all cases. As to the situation prior to 1949, see Act No. 23 of March 15, 1918 (Sp. Sess. Laws, p. 120) and Act No. 12 ½ of May 10, 1921 (Sess. Laws, p. 118).

The voting took place immediately and the bill was passed, fourteen to one (Minutes at 479). The House unanimously concurred with the Senate (Minutes of the House of Representatives of Puerto Rico 923, 1039, 1046, and 1051 (1941)).

From these legislative expressions and actions there clearly emerges the purpose of revising the existing Act on bail, in the cases appealed to the Supreme Court, to establish a single system by virtue of which bail can be recognized as a matter of right in all misdemeanors and as a discretionary matter in all felonies, except in those in which the penalty of life imprisonment is imposed. It is evident that such purpose would be thwarted if the misdemeanor cases originating in the District Court were excluded from the protection of law. In so doing the writ of certiorari would become academic in a host of those cases, because in view of the brevity of the prison terms imposed on such occasions, it is almost sure that the appellants would have served sentence before this Court had decided the case on the merits.

It is unnecessary to burden this opinion with authorities [5] describing the judicial responsibility in these cases. It consists in harmonizing legislative mandates with the legislative intent and recognizing that just as it happens in the other areas of political, juridical, and social activity, the lawmaker has imperfect means of expression, investigation, and analysis, and cannot consequently, convey its mandates with the precision of a scientific formula.

We therefore decide that the phrase "writ of appeal in the Supreme Court," as used in § 374 of the Code of Criminal Procedure, must be interpreted in its broad meaning to describe the act of filing a petition for review in this Court and not the specific means or procedure which

---

[5] For an adequate discussion and quotations from case law, see *Repeal by Implication*, Annotation in 55 Col. L. Rev. 1039 (1955); *Repeal or Amendment Implied from Later Inconsistent Enactment*, Annotation in 37 Col. L. Rev. 292 (1937); and 1 Sutherland, *Statutory Construction* 483–85, § 2020 (1943).

is used to obtain it. It includes, therefore, the writ of certiorari which the Act in force provides for the review of the judgments rendered by the Superior Court in appeals from the District Court. The existing provisions for bail on appeal are applicable in these cases, except, of course, that upon applying for it in the Superior Court the petitioner must bring proof that he has filed a petition for certiorari in this Court.

A final explanation is necessary. It does not appear from the record of this proceeding that the defendant applied for bail to the Superior Court. We have not given any importance to that omission because his petition raised an important question of law that it was incumbent on us to decide ultimately. However, we wish to reaffirm our view that the petition for bail before this Court or before one of its justices is a remedy of exception that should be used sparingly. Except in cases of urgent need, such petition should be submitted first to the trial judge. *The People* v. *Barrios*, 23 P.R.R. 195, 197 (1915); *The People* v. *Barrios*, 22 P.R.R. 796, 797 (1915); *Ex parte Aybar*, 14 P.R.R. 549, 551–53 (1908). In case of denial the petition may .then be filed in this Court, together with certified copies of the petition presented to the trial judge and his decision, of a transcript of evidence, if any, and of a brief report stating the reasons why the decision is considered erroneous. The judges of lower courts should remember that bail on appeal should be granted liberally although always complying with the requirements of § 374. *Ex parte Castro*, 69 P.R.R. 921, 924, 926 (1949); *cf. Fournier* v. *Warden*, 80 P.R.R. 341 (1958).

Petitioner is granted bail on appeal in the sum of $500 pending decision of the petition for certiorari filed by him.